UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                    Chapter 7

Michelle A. Ambro,                        Case No. 17-46787

    Debtor.                               Hon. Phillip J. Shefferly
_____/

### ORDER REGARDING MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

On May 4, 2017, the Debtor filed this Chapter 7 case. On August 9, 2017, the Debtor received a discharge. On March 20, 2018, at the request of the Debtor, the Court reopened this case for the purpose of allowing the Debtor to file a reaffirmation agreement that the Debtor had entered into prior to the time that she obtained her discharge.

On April 19, 2018, the Debtor filed a motion ("Motion") (ECF No. 94) that requested approval of a reaffirmation agreement that the Debtor had made on June 21, 2017 with ACAR Leasing LTD, d/b/a GM Financial Leasing ("ACAR"). The debt described in the Motion and in the reaffirmation agreement attached to the Motion is a lease ("Lease") for a 2016 GMC Yukon that the Debtor entered into with ACAR on September 1, 2016, prior to the time the Debtor filed her

Chapter 7 bankruptcy case. The Motion requests that the Court find that the presumption of undue hardship that arises in this case under § 524(m) of the Bankruptcy Code (because the Debtor's monthly expenses exceed her monthly income) is overcome by the explanation provided by the Debtor. The proposed order attached to the Motion requests that the Court approve the Debtor's agreement to reaffirm the Lease.

On May 7, 2018, the Court held a hearing on the Motion. The Court found at the hearing that the Lease was entered into by the Debtor prior to her bankruptcy petition. At the time of her bankruptcy petition, the Lease was an unexpired lease. The Court further found that the Motion's citation to § 524 is misplaced because the applicable law governing the Debtor's agreement to perform under the Lease is § 365 of the Bankruptcy Code, not § 524.

Under § 365(a), a Chapter 7 trustee is given the authority to assume or reject any executory contract or unexpired lease of a debtor. When Congress enacted the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005 ("BAPCPA"), it inserted a new § 365(p) to govern the situation where an individual debtor wishes to assume liability under a lease for personal property that has not been assumed by the Chapter 7 trustee. Under § 365(p)(1), if a lease of personal property is not timely assumed by the Chapter 7 trustee within the 60 days

permitted by § 365(d)(1), then the leased property is no longer property of the bankruptcy estate and the automatic stay is terminated. Under § 365(p)(2)(A), an individual Chapter 7 debtor may then notify the lessor in writing that the debtor desires to assume the lease. Once the lessor is so notified, the lessor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor. While it is arguable that an individual Chapter 7 debtor's desire to assume an unexpired lease of personal property was governed by the provisions for a reaffirmation agreement in § 524 prior to BAPCPA, after BAPCPA was enacted, § 365(p) provides the specific and exclusive means for an individual Chapter 7 debtor to assume an unexpired lease of personal property.

For these reasons, the Court will not apply the criteria for a reaffirmation agreement under § 524 to the Motion. Instead, the Court will construe the Motion as a request for approval of assumption of the Lease under § 365(p).

Ordinarily, assumption of a lease under § 365(p) does not require Court approval. The detailed mechanism that BAPCPA created in § 365(p) is self-effectuating and requires no judicial involvement. However, in the circumstances of this case, where ACAR seems to be of the mistaken view that it needs some Court approval for the Debtor to continue to pay and abide by the

Lease, the Court now enters this order in the interest of clarity. Accordingly, for the reasons set forth on the record by the Court at the hearing on May 7, 2018,

**IT IS HEREBY ORDERED** that the Lease is not a debt that the Debtor may reaffirm under § 524 of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that the Lease is governed by § 365 of the Bankruptcy Code. Because the Chapter 7 Trustee did not assume the Lease within the time permitted by § 365(d)(1), the Debtor is free to assume the Lease under § 365(p).

**IT IS FURTHER ORDERED** that the Court finds that the Debtor took the proper steps to assume the Lease under § 365(p)(1).

**IT IS FURTHER ORDERED** that to the extent that the Motion seeks Court approval under § 524, the Motion is denied.

**IT IS FURTHER ORDERED** that to the extent that the Motion seeks approval of the Debtor's assumption of the Lease under § 365(p)(1), the Motion is granted.

**IT IS FURTHER ORDERED** that in the future, if ACAR is party to an unexpired lease of personal property with a debtor, ACAR should not require the debtor to sign a reaffirmation agreement and seek approval under § 524, but instead should follow the procedure set forth for assumption of an unexpired lease by a debtor under § 365(p).

**IT IS FURTHER ORDERED** that the Court retains jurisdiction to enforce this order.

**Signed on May 09, 2018**



/s/ Phillip J. Shefferly

**Phillip J. Shefferly**
**United States Bankruptcy Judge**

- 5 -